UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLIN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTSMAN ETHYLENEAMINES LLC,<br><br>    Defendant. | Case No. 1:24-cv-02797-VM-GS<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/3/2024 |
| HUNTSMAN ETHYLENEAMINES LLC,<br>and HUNTSMAN PETROCHEMICAL LLC,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION, and BLUE CUBE<br>OPERATIONS LLC,<br><br>    Counterclaim Defendants. | |
| BLUE CUBE OPERATIONS LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>HUNTSMAN PETROCHEMICAL LLC,<br><br>    Counterclaim Defendant. | |

**STIPULATION AND PROTECTIVE ORDER**

  WHEREAS, the parties to this action (collectively, the "***Parties***," and individually, a "***Party***") request that this Court issue a protective order pursuant to Federal Rule of Civil

Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("**_Protective Order_**")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" or "highly confidential – attorney's eyes only" either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, non-public financial or business information; that is of a personal or intimate nature regarding any individual, or that is subject to a contractual or other duty of confidentiality owed by the client to a third party or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) The "Highly Confidential – Attorney's Eyes-Only Information" designation is a more restrictive designation that shall apply sparingly when the party, non-party, or their counsel in good faith believes that the information so designated is highly-sensitive, which may include, but is not limited to, non-public financial, competitive, and any other sensitive trade secret information. The present disclosure to persons other than those identified in paragraph 8(b) – 8(j) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party.  A designation of Confidential Information as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

    (c) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in connection with depositions, document production, or otherwise.

    (d) "Receiving Party" shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information" in connection with depositions, document production, subpoenas, or otherwise.

  4. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Documents or Testimony that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" pursuant to the terms of this Protective Order (hereinafter "***Confidential Discovery Material***") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  5. With respect to the Confidential portion of any Documents, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" the protected portion in a manner that will not interfere with legibility or audibility.

  6. With respect to Testimony (*e.g.* deposition transcripts and deposition exhibits), a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

  7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Documents or Testimony that it previously had produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information", such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Documents or Testimony will be deemed to be and treated as Confidential or "Highly Confidential – Attorney's Eyes-Only Information" under the terms of this Protective Order.

  8. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Discovery Material shall not be furnished, shown, or disclosed to any person or entity, except to:

    (a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceedings and who have been advised of their obligations hereunder;

    (b) counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and who have been advised by such counsel of their obligations hereunder;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, and who have been advised by such counsel of their obligations hereunder;

    (d) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, including investigators, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (h) an officer before whom a deposition is taken, including stenographers engaged to transcribe depositions conducted in this action and any necessary secretarial or other personnel of such officer; and

    (i) this Court, including any appellate court, and the court reporters and support personnel for the same.

    (j) jury consultants and mock jurors, if any; and

    (k) any other person agreed to by the Producing Party.

  9. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown, or disclosed to any person or entity except to those identified in paragraphs 8(b) – 8(j).

  10. Any Party who objects to a "Confidentiality" or "Highly Confidential – Attorney's Eyes Only" designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of

the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Rules of the presiding Judge, specifically Rule II(H). Any Receiving Party seeking to file Confidential Discovery Materials produced by the Producing Party shall inform the Producing Party and shall follow the Rules of the presiding Judge, specifically Rule II(H). The Parties shall use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("**ECF**") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("**PII**") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing

person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

PELLIS LAW GROUP, LLP

/s/ Joseph L. Pellis II
Joseph L. Pellis II
Joseph E. Hopkins
37 North Broadway, Suite 1
Nyack, NY 10960
T: (845) 535-3939
F: (845) 512-8664
jpellis@pellislaw.com
jhopkins@pellislaw.com

VASQUEZ WAITE PLLC
Mark A. Waite (*pro hac vice*)
Cara Vasquez (*pro hac vice*)
440 Louisiana St., Suite 1115
Houston, TX 77002
mark@vasquezwaite.com
cara@vasquezwaite.com
T: (713) 993-7950

*Counsel for Olin Corporation (Plaintiff/Counterclaim Defendant) and Blue Cube Operations LLC (Counterclaim Defendant/Counterclaim Plaintiff)*

KIRKLAND & ELLIS LLP

/s/ Michael F. Williams
Michael F. Williams (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
T: (202) 389-5000
F: (202) 389-5200
mwilliams@kirkland.com
tj.mccarrick@kirkland.com

Patrick J. Gallagher
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900
patrick.j.gallagher@kirkland.com

*Counsel for Huntsman Ethyleneamines LLC (Defendant/Counterclaim Plaintiff) and Huntsman Petrochemical LLC (Counterclaim Plaintiff/Counterclaim Defendant)*

SO ORDERED:

_____
Honorable District Court Judge Marrero

Dated: 10/3/2024

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIN CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>HUNTSMAN ETHYLENEAMINES LLC,<br><br>        Defendant. | Case No. 1:24-cv-02797-VM-GS |
| HUNTSMAN ETHYLENEAMINES LLC,<br>and HUNTSMAN PETROCHEMICAL LLC,<br><br>        Counterclaim Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION, and BLUE CUBE OPERATIONS LLC,<br><br>        Counterclaim Defendants. | |
| BLUE CUBE OPERATIONS LLC,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>HUNTSMAN PETROCHEMICAL LLC,<br><br>        Counterclaim Defendant. | |

## **NON-DISCLOSURE AGREEMENT**

      I, _____ , acknowledge that I have read and understand the Stipulation and Protective Order (the "***Protective Order***") in this action

i

governing the nondisclosure of those portions of Documents or Testimony that have been designated as "Confidential" or "Highly Confidential – Attorney's Eyes-Only Information". I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____

Title: _____

Company: _____

Dated: _____